UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESS WAYNE HALL,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES DEPARTMENT OF<br>JUSTICE, et al.,<br><br>　　　　　Defendants. | Case No.  25-cv-07718-AGT<br><br>**ORDER ON MOTION TO DISMISS<br>FIRST AMENDED COMPLAINT**<br><br>Re: Dkt. Nos. 28, 29, 31, 33 |

Defendants United States Department of Justice (DOJ) and Pam Bondi (collectively, Defendants) move to dismiss, dkt. 28, plaintiff Jess Wayne Hall's first amended complaint (FAC). Dkt. 23. Hall, proceeding pro se, opposes. Dkt. 30.[1] This matter is appropriate for resolution without oral argument. *See* Civil L.R. 7-1(b). Therefore, the Court now vacates the April 24, 2026, hearing and grants the motion to dismiss with leave to amend by **May 8, 2026**.[2]

As background, Hall sues Defendants, alleging violations of the Constitution, certain constitutional amendments, the Anti-Deficiency Act, and the Administrative Procedure Act. Dkt. 23. He challenges Defendants' decision to use funds appropriated by Congress for the creation of the Task Force to Eradicate Anti-Christian Bias and for reorganization. *Id.* ¶ 1 &

---

[1] Hall's unopposed motion for leave to file an oversize brief, dkt. 29, is granted.
[2] The parties' stipulation, dkt. 33, to continue the initial case management is granted as modified with a new date of August 14, 2026.

¶ 10. Defendants move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). Dkt. 28.

### I.    Hall Lacks Standing as a Taxpayer

"[T]he mere fact that a plaintiff is a taxpayer is not generally deemed sufficient to establish standing in federal court." *Arizona Christian Sch. Tuition Org. v. Winn*, 563 U.S. 125, 130 (2011). However, "a plaintiff asserting an Establishment Clause claim has standing to challenge a law authorizing the use of federal funds in a way that allegedly violates the Establishment Clause." *Hein v. Freedom From Religion Found., Inc.*, 551 U.S. 587, 593 (2007).

To establish taxpayer standing, a plaintiff must first show that there is a logical link between their status as a taxpayer and the "type of *legislative* enactment attacked." *Flast v. Cohen*, 392 U.S. 83, 102–03 (1968) (emphasis added). Next, a plaintiff "must establish a nexus between that [taxpayer] status and the precise nature of the constitutional infringement alleged." *Id.*

If a plaintiff cannot show that the challenged action "was expressly authorized or mandated by any specific *congressional* enactment," then that plaintiff's lawsuit "is not directed at an exercise of *congressional* power, and . . . lacks the requisite logical nexus between taxpayer status and the type of *legislative* enactment attacked." *Hein*, 551 U.S. at 608–09 (cleaned up) (emphasis added).

Hall alleges that Congress appropriated funds via Public Law 119-4 and Public Law 119-37. Dkt. 23 ¶ 1. He further alleges that the DOJ diverted those funds to create the Task Force to Eradicate Anti-Christian Bias, *id.* ¶¶ 1–2 & dkt. 23-2, and otherwise implement a reorganization plan. Dkt. 23 ¶ 1 & ¶ 3. These diversions, according to Hall, were not

authorized by Congress. *E.g.*, dkt. 23 ¶ 1, ¶ 3, ¶ 8, ¶¶ 25–26, & ¶ 35.

Hall argues that he has standing to challenge these actions as a taxpayer. Dkt. 23 ¶¶ 27–30. The challenged expenditures come from "congressionally appropriated grant funds that remain subject to mandatory statutory restrictions and congressional oversight." *Id.* ¶ 27. Defendants disagree: even if the DOJ did divert funds from specific, congressionally authorized funds, it did so without congressional authorization according to Hall's FAC. Dkt. 28 at 12–13.[3] As such, Hall is challenging the actions of the executive branch, not legislative, and he lacks taxpayer standing to do so. *Id.* at 13.[4]

The Court agrees with Defendants that, as alleged in his FAC, Hall is challenging allegedly unauthorized actions by the DOJ. He thus cannot show that those challenged actions were "expressly authorized or mandated by any specific congressional enactment." *Hein*, 551 U.S. at 608–09 (cleaned up). So, Hall lacks standing as a taxpayer.

### A.  Hall's Opposition Does Not Provide Standing

In opposition, Hall argues that Congress authorized the Public Safety Partnership and Community Policing Act of 1994, 34 U.S.C. § 10381 *et seq.* and that Defendants instead used these funds for the Task Force to Eradicate Anti-Christian Bias. Dkt. 30 at 12–13. Hall concedes that the "Task Force to Eradicate Anti-Christian Bias has no equivalent congressional mandate." *Id.* at 12.[5]

---

[3] Citations to page numbers in docketed materials correspond to the Electronic Case Filing page numbers at the top of each page.
[4] Defendants also argue that Hall is mistaken and that none of the citations in the FAC support his theory. Dkt. 28 at 12–13.
[5] The Court notes that Hall's opposition contains new factual allegations. Generally, an opposition is not the proper place to add new facts. However, a district court may "hear evidence regarding jurisdiction and resolve factual disputes where necessary" when considering a Rule 12(b)(1) motion. *Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009) (cleaned up). As such, the Court will address the new allegations in Hall's opposition and Defendants' response to those new allegations in their reply. These new allegations do not

But this argument is misdirected. The FAC does not mention the Public Safety Partnership and Community Policing Act of 1994. Instead, the FAC challenges the creation of the Task Force to Eradicate Anti-Christian Bias by Defendants, which is unauthorized by Congress (as Hall emphasizes in his FAC and opposition). Because Hall is seeking to challenge an unauthorized executive action, he lacks standing as a taxpayer. *See* dkt. 32 (reply) at 2–3 (arguing same).[6]

Hall further argues in opposition that the DOJ used enforcement resources for religious purposes. Dkt. 30 at 13–16. The resources used were apparently allocated under the Americans with Disabilities Act (ADA), the Religious Land Use and Institutionalized Persons Act (RLUIPA), and the Freedom of Access to Clinic Entrances Act (FACE Act). *Id.* Again, none of these acts are raised in Hall's FAC.

Defendants argue that the ADA, RLUIPA, and FACE Act are not appropriations acts, so Hall has not identified the sources of any allegedly misused congressionally allocated funds. Dkt. 32 at 3.[7] Moreover, prosecution is the provenance of the executive; the DOJ has discretion over it. Dkt. 32 at 3. Hall is therefore again lacking the required logical nexus with a congressional act.

## II.    Hall Lacks Standing as an Individual

Alternatively, Hall asserts standing individually. He is a member of the Rosebud Sioux Tribe (the Tribe). Dkt. 23 ¶ 11, ¶ 18, & ¶¶ 32–35. He alleges that the DOJ awarded

---

change the outcome of this motion.

[6] Defendants also continue to dispute Hall's allegations that the DOJ misused congressionally allocated funds. Dkt. 32 at 3–4.

[7] Even if such funds were misused, "a citizen lacks standing to contest the policies of the prosecuting authority when he himself is neither prosecuted nor threatened with prosecution." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). Since Hall does not allege that he is suffering or at risk of such prosecution by the DOJ, he lacks standing to challenge enforcement priorities.

the Tribe a grant of $819,328 for community policing in fiscal year 2025. *Id.* ¶ 33. If the DOJ redirects five percent of its grant funding, the Tribe will receive less funding and its public safety will be put at risk. That diversion creates a particularized injury to Hall as an intended beneficiary. *Id.* ¶¶ 33–35.

To properly allege individual standing, a plaintiff must have suffered a concrete and particularized injury in fact, and one which is actual or imminent. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). Next, that injury must be traceable to the challenged action of the defendant. *Id.* Last, it must be likely (not speculative) that the injury will be "redressed by a favorable decision." *Id.* at 561.

Defendants first contend that Hall lacks an injury from a reduction in grant funding because the Tribe's grant amount was not reduced. Dkt. 28 at 14. In support, Defendants file a declaration of Cory Randolph, Deputy Director in the United States DOJ, Office of Community Oriented Policing Services. Dkt. 28-1 ¶ 1. Randolph declares that the DOJ offered the Tribe $819,328 and the Tribe accepted the entire amount. *Id.* ¶¶ 5–6.[8] So, there is no cognizable injury.[9]

Hall argues in opposition that the DOJ might choose to set aside five percent in the future, since the grant is to be disbursed over a three-year period ending in 2028. Dkt. 30 at 21–22 & 24–25. But this argument is speculative. Furthermore, Defendants argue that the five percent set-aside does not apply to the $819,328 grant to the Tribe. Dkt. 32 at 5. That grant came from the Tribal Resources Grant Equipment/Training Program. *Id. See also* dkt.

---

[8] Hall argues that Randolph's declaration is unsupported by its exhibits. Dkt. 30 at 22–25. But Randolph's declaration is offered because Randolph can testify to the matters discussed. *See* dkt. 28-1. And Hall has not presented any countervailing evidence.

[9] Hall argues in opposition that five percent may have been held back before the amount was offered to the Tribe. Dkt. 30 at 24. He does not present any evidence in support of this theory, which is speculative.

28-1 ¶ 3. The five percent set-aside applies to other discretionary grant spending by DOJ, not the Tribal Resources Grant Equipment/Training Program. Dkt. 32 at 5. *See also* dkt. 23-1 at 126 & 156. It will not impact the Tribe's $819,328 grant.

Next, Hall has not shown that any injury is traceable to the Defendants' conduct. Hall alleges in opposition that he has not visited tribal lands recently because of concerns regarding public safety. Dkt. 30 at 17–18. In a declaration, Hall explains that on May 27, 2025, Tribe President Kathleen Wooden Knife declared a state of emergency, citing methamphetamine trafficking, illicit drug use, and related gun violence. Dkt. 30-1 ¶ 5. This is the third such declaration in recent years. *Id.* Even if the DOJ's grant to the Tribe was reduced by five percent, however, Hall cannot show that such a reduction caused these public safety concerns. As Defendants argue, the criminal activities of third-parties are not traceable to the DOJ's grant funding decisions. Dkt. 32 at 6–7.[10, 11]

Without an injury that is traceable to Defendants' actions, Hall lacks standing as an individual.

### III.    Hall Cannot Litigate on Behalf of the Tribe

In the FAC, Hall finally asserts standing as a representative of "tribal beneficiaries whose safety and access to essential services are jeopardized" by Defendants' alleged actions. Dkt. 23 ¶ 34. For the same reasons that Hall cannot assert individualized standing, he lacks standing to represent the Tribe and its other members. *See* dkt. 28 at 14.

---

[10] Hall argues that even where there is a third party, causation can be satisfied where the third-party's response is predictable. Dkt. 30 at 20. He points to the Tribe's use of funds for law enforcement as predicable. But the Tribe did not cause the safety risks, either. Hall doesn't address the argument that third-parties are engaging in the drug trafficking, for example, that he cites as a safety risk.

[11] For similar reasons, Defendants argue that Hall cannot show that an additional five percent in grant funds would redress the injuries that Hall alleges. Dkt. 32 at 6–7.

### IV.    Hall's Request for Jurisdictional Discovery is Denied

Hall asks for jurisdictional discovery into grant program documents, DOJ communications, and the Tribe's grant application. Dkt. 30 at 26–27. Jurisdictional discovery is left to the Court's discretion but "should ordinarily be granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Butcher's Union Local No. 498 v. SDC Inv., Inc.*, 788 F.2d 535, 540 (9th Cir. 1986) (cleaned up). Here, as stated above, Hall has not controverted Defendants' assertions of fact regarding jurisdiction. Nor does the Court require a more satisfactory showing of facts. As such, the request is denied.

### V.    Conclusion

Hall does not have standing to bring this suit. Defendants' motion to dismiss is therefore granted. Based on the aforementioned, Hall's claims against Defendants are going to be challenging to bring and an amendment may likely be futile, but in light of Hall's pro se status, the Court will grant him leave to amend his complaint by **May 8, 2026**. This is not an invitation to repeat arguments, but instead Hall must address the legal issues in this order.

Hall may already know about the available resources, but the District has free resources to assist pro se litigants, accessible at www.cand.uscourts.gov/pro-se-litigants/ or via the JDC Legal Help Center. Appointments with the Legal Help Center can be made by emailing fedpro@sfbar.org or by calling (415) 782-8982.[12]

/ / /

/ / /

---

[12] Hall's request for judicial notice, dkt. 31, is denied. The Court did not rely on the documents filed at dkt. 31 in this order.

7

This order dispenses with dkts. 28, 29, 31, and 33.

**IT IS SO ORDERED.**

Dated: April 8, 2026

Alex G. Tse
United States Magistrate Judge